UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CONSTANCE MOGULL, individually and on
behalf of all others similarly situated,
                         Plaintiff,

v.

PETE AND GERRY'S ORGANICS, LLC,
                         Defendant.
--------------------------------------------------------------x

**ORDER**

21 CV 3521 (VB)

      On May 18, 2021, defendant moved to dismiss the complaint. (Doc. #8).

      Accordingly, it is hereby ORDERED that, by no later than May 28, 2021, plaintiff must notify the Court by letter whether plaintiff (i) intends to file an amended complaint in response to the motion to dismiss, or (ii) will rely on the complaint that is the subject of the motion to dismiss.

      If plaintiff elects not to file an amended complaint, the motion will proceed in the regular course, and the Court is unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion. See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility"); accord F5 Capital v. Pappas, 856 F.3d 61, 89–90 (2d Cir. 2017). The time to file opposing and reply papers shall be governed by the Federal Rules of Civil Procedure and the Local Civil Rules, unless otherwise ordered by the Court.

      If plaintiff elects to file an amended complaint, plaintiff must file the amended complaint by no later than 14 days after notifying the Court of plaintiff's intent to do so. Within 21 days of such amendment, defendant may either: (i) file an answer to the amended complaint; or (ii) file a motion to dismiss the amended complaint; or (iii) notify the Court by letter that defendant is relying on the initially filed motion to dismiss.

      Separately, defense counsel are reminded that they must comply with Judge Briccetti's Individual Practices Paragraph 2.C, which limits memoranda of law to 25 pages and states that a table of contents and a table of authorities do not count against that limit. Conclusions and signature blocks do count against the 25-page limit.

Dated: May 19, 2021
       White Plains, NY

                                          SO ORDERED:

                                          Vincent L. Briccetti
                                          United States District Judge