UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

6/7/22

| | |
|---|---|
| CONSTANCE MOGULL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PETE AND GERRY'S ORGANICS, LLC,<br><br>Defendant. | Case No 21-cv-03521 (VB)<br><br>STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of a tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential, if counsel determines in good faith that the designation is necessary to protect the interests of the client in information that is confidential financial information, proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential shall be marked "CONFIDENTIAL."

2. Confidential information that is disclosed will be held and used by the person receiving it solely in connection with this action.

3. In the event that a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this order constitutes an admission by any party that confidential information disclosed in this case is relevant or

1

admissible; each party reserves the right to object to the use or admissibility of any confidential information.

4. Other than documents designated "FOR ATTORNEYS' EYES ONLY," documents designated as confidential shall not be disclosed to any person, except: (a) the requesting party and counsel, including in-house counsel; (b) employees of counsel assisting in the litigation; (c) consultants or experts assisting with the matter; (d) the Court; (e) deposition and trial witnesses and their counsel during the course of depositions or testimony in this action where a party's counsel in good faith determines that the confidential information is necessary to the anticipated subject matter of testimony; and (f) private mediators, arbitrators, or special masters retained by the parties and their direct support personnel.

5. Prior to disclosing confidential information to any person, counsel must: (a) inform the person of the confidential nature of the information or documents; (b) inform the person that this Court has enjoined their use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and (c) require the person to sign an agreement to be bound by this Order in the form attached hereto.

6. If Defendant is asked to produce documents it believes contain highly sensitive information, Defendant may mark such documents "ATTORNEYS' EYES ONLY." Plaintiff agrees that any documents marked "ATTORNEYS' EYES ONLY" will only be disclosed to persons set forth in Paragraph 4, but not to Plaintiff herself.

7. The disclosure of a document or information without designating it as confidential shall not constitute a waiver of the right to so designate such document or information. If

subsequently so designated, the document or information shall thenceforth be treated as confidential subject to all the terms of this order.

8. Any personally identifying information (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received personally identifying information experiences a data breach, it shall immediately notify the producing party and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect personally identifying information from unauthorized disclosure.

9. In the event that either party seeks to include as part of a court filing any document or information designated as "CONFIDENTIAL" or "ATTORNEYS'S EYES ONLY," the parties shall comply with this Court's Individual Practices and the District Court's standing order, 19-mc-00583, and SDNY Electronic Case Filing Rules & Instructions, Section 6 for obtaining approval for making a sealed or redacted filing.

10. The production of privileged or work-product protected information shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

11. At the conclusion of this litigation, confidential information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing information designated as confidential if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED

Dated:  June 3, 2022    **BURSOR & FISHER, P.A.**

By: /s/ *Yitzchak Kopel*
    Yitzchak Kopel

Yitzchak Kopel
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: ykopel@bursor.com

*Counsel for Plaintiff*

4

| | |
|---|---|
| Dated: June 3, 2022 | **PRETI FLAHERTY BELIVEAU & PACHIOS LLP**<br><br>By: /s/ Nathan R. Fennessy<br>    Nathan R. Fennessy<br><br>Nathan R. Fennessy<br>P.O Box 1318<br>Concord, NH 03302-1318<br>New York, NY 10019<br>Tel: (212) 336-4311<br>E-mail: nfennessy@preti.com<br><br>*Counsel for Defendant* |

IT IS SO ORDERED.

DATED: 6/7/2022

By: _____
Hon. Vincent L. Briccetti
U.S. DISTRICT COURT JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTANCE MOGULL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PETE AND GERRY'S ORGANICS, LLC,<br><br>Defendant. | Case No 21-cv-03521 (VB)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I have been informed by counsel that certain information to be disclosed to me in connection with this litigation has been designated as confidential under an order of the Court. I hereby agree that I will not disclose this information to any other person, and that I will not use the information for any purpose other than this litigation.

Dated: _____

By: _____

6