**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

CONSTANCE MOGULL, individually and on
behalf of all others similarly situated,

                              Plaintiff,

      v.

PETE AND GERRY'S ORGANICS, LLC,

                              Defendant.

**CASE NO. 7:21-cv-03521-VB**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

## <u>TABLE OF CONTENTS</u>

**PAGE(S)**

INTRODUCTION ................................................................................................................. 1

RELEVANT BACKGROUND ............................................................................................. 1

I.  APPOINTMENT OF INTERIM CLASS COUNSEL IS NEEDED TO AVOID
    DUPLICATIVE FILINGS AND PROTECT THE INTERESTS OF PUTATIVE
    CLASS MEMBERS ................................................................................................... 3

II. BURSOR & FISHER, P.A. SHOULD BE APPOINTED
    INTERIM CLASS COUNSEL. ................................................................................. 4

    A.  Proposed Interim Class Counsel Has Thoroughly Identified And Investigated
        The Claims ....................................................................................................... 4

    B.  Proposed Interim Class Counsel Is Experienced in Handling Class Actions
        And Other Complex Litigation ........................................................................ 6

    C.  Proposed Interim Class Counsel Is Very Familiar With The Applicable
        Law ................................................................................................................... 9

    D.  Proposed Interim Class Counsel Will Commit All Necessary Resources
        To Representing The Class ............................................................................. 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Bernstein v. Cengage Learning, Inc.*,
   2019 WL 6324276 (S.D.N.Y. Nov. 26, 2019)............................................................... 3

*Cohen v. Ne. Radiology, P.C.*,
   2021 WL 293123 (S.D.N.Y. Jan. 28, 2021) ................................................................. 4

*Ebin v. Kangadis Food Inc.*,
   297 F.R.D. 561 (S.D.N.Y. 2014)................................................................................... 7

*Famular v. Whirlpool Corp.*,
   2019 WL 1254882 (S.D.N.Y. Mar. 19, 2019)............................................................... 7

*Gamboa v. Ford Motor Co.*,
   381 F. Supp. 3d 853 (E.D. Mich. 2019) ....................................................................... 3

*Hart v. BHH, LLC*,
   2017 WL 2912519 (S.D.N.Y. July 7, 2017).................................................................. 7

*In re Scotts EZ Seed Litig.*,
   304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015)..................................................................... 7

*Szymczak v. Nissan N. Am., Inc.*,
   2012 WL 1877306 (S.D.N.Y. May 15, 2012) ........................................................... 1, 4

*Tolmasoff v. Gen. Motors, LLC*,
   2016 WL 3548219 (E.D. Mich. June 30, 2016) ........................................................... 3

*Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*,
   337 F.R.D. 405 (S.D. Ohio 2021)................................................................................. 3

**STATUTES**

Fla. Stat. § 501.201 ............................................................................................................ 2

Fla. Stat. § 817.41 .............................................................................................................. 2

New York Gen. Bus. Law § 349........................................................................................ 2

New York Gen. Bus. Law § 350........................................................................................ 2

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................ passim

**OTHER AUTHORITIES**

Moore's Fed. Prac. (3d. Ed. 2007) ............................................................................................... 5

Manual for Complex Litigation (4th ed. 2004) ......................................................................... 1, 3

## INTRODUCTION

Plaintiff respectfully moves this Court to appoint her attorneys as interim class counsel pursuant to Fed. R. Civ. P. 23(g).  This application was necessitated by a recent copycat action filed in the Middle District of Florida in which fraud claims were asserted against the same defendant, regarding the same product, and on behalf of an overlapping putative class from this case.  The complaint in that case was copied and pasted from Plaintiff's operative complaint in this case.  Rather than move to stay or dismiss that action pursuant to the first-filed rule, Defendant made a motion to dismiss based on the same arguments already considered and rejected by this Court in its order on the motion to dismiss in this case.

Appointment of interim class counsel is needed to protect the interests of the putative class.  It will help avoid the duplication of work and avoid inconsistent rulings from different courts on the same issues.  More importantly, "[d]esignation of lead counsel [will] ensure[] the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements."  *Szymczak v. Nissan N. Am., Inc.*, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (Briccetti, J.) (citing *Manual for Complex Litigation* § 21.11 (4th ed. 2004)[1]).

## RELEVANT BACKGROUND

On April 21, 2021, Plaintiff Constance Mogull ("Plaintiff" or "Plaintiff Mogull") filed a Complaint (ECF No. 1) in this action (the "*Mogull* Action") against Defendant Pete and Gerry's Organics, LLC. ("Defendant" or "PGO").  After Plaintiff Mogull amended her complaint (ECF No. 18) ("FAC"), Defendant moved to dismiss (ECF. Nos. 19-20).  The Court denied Defendant's motion in its entirety on February 28, 2022 (ECF No. 26).  Plaintiff Mogull has

---

[1] Hereinafter, the "*Manual*"

served discovery, and the parties in the *Mogull* Action have met and conferred multiple times regarding both discovery matters and settlement.  Plaintiff Mogull asserts claims for breach of express warranty and fraud on behalf of a putative nationwide class and New York subclass (FAC ¶¶ 41-42, 63-76) and claims for violations of New York Gen. Bus. Law §§ 349 and 350 on behalf of the New York Subclass (*Id.* ¶¶ 42, 48-62).

On April 27, 2022, over a full year after commencement of the *Mogull* Action, and two months following this Court's denial of Defendant's motion to dismiss the *Mogull* Action, Plaintiff Tamara Dean ("Plaintiff Dean") filed a copycat action captioned *Dean v. Pete and Gerry's Organics, LLC*, 6:22-cv-00806-CEM-EJK (the "*Dean* Action") in the Middle District of Florida.  *See* Declaration of Yitzchak Kopel ("Kopel Decl.") ¶ 3, Ex. A.  The factual allegations in the *Dean* Action are identical to those in the *Mogull* Action.  *Compare id.*, *with* ECF. No. 18. The sole substantive difference is the causes of action alleged, as Plaintiff Dean seeks to represent a class consisting solely of Florida residents asserting claims under Florida's GBL §§ 349 and 350 equivalents, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq*. and Fla. Stat. § 817.41.  *See* Kopel Decl. ¶ 3, Ex. A at ¶¶ 26, 33-49.

On May 2, 2022, Dean's counsel certified to the Middle District of Florida that the *Dean* Action "IS NOT related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency."  *See* Kopel Decl. ¶ 4, Ex. B.

On June 27, 2022, PGO filed a motion to dismiss the *Dean* Action on the merits.  *See* Kopel Decl. ¶ 5, Ex. C.  The first-filed rule was not referenced in that motion to dismiss.  *Id.* Rather, there Defendant made the same arguments already rejected by this Court in an apparent attempt to manufacture conflicting rulings on the same issues.

2

## I.   APPOINTMENT OF INTERIM CLASS COUNSEL IS NEEDED TO AVOID DUPLICATIVE FILINGS AND PROTECT THE INTERESTS OF PUTATIVE CLASS MEMBERS

Appointment of interim class counsel is appropriate under the circumstances present here. As discussed in the *Manual for Complex Litigation*, "[i]n cases involving overlapping, duplicative, or competing suits in other federal courts or in state courts, the lawyers may stipulate to the appointment of a lead interim counsel and a steering committee to act for the proposed class." *Manual* § 21.11.   But "[a]bsent a stipulation, the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected." *Id.*

"Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) (citing *Tolmasoff v. Gen. Motors, LLC*, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016)); *see also Troy Stacy Enter. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021) ("Designation of interim counsel is particularly appropriate when there have been overlapping, duplicative, or competing suits filed in other courts.") (citing *Manual* § 21.11).   "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Troy Stacy Enter. Inc.*, 337 F.R.D. at 409 (S.D. Ohio 2021) (citing *Manual* § 21.11).

"Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently." *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019); *see also id.* (appointing interim counsel even though "only one law firm represents Plaintiffs and there are no other pending related actions" because "the recent existence of those other cases asserting similar claims with other plaintiffs represented by [other counsel] shows that the possibility of more

such cases is not foreclosed.") *c.f. Cohen v. Ne. Radiology, P.C.*, 2021 WL 293123, at \*10 (S.D.N.Y. Jan. 28, 2021) (denying appointment because "Plaintiff has identified neither any overlapping, duplicative, or competing lawsuit that may be consolidated with the instant action **nor any competing counsel that may complicate efficient case management or complete duplicative work**.") (emphasis added).

Here, the filing of the *Dean* Action necessitates appointment of interim class counsel. The fact that *Dean*'s complaint is a complete copy-paste of the operative complaint in this action shows that her counsel was well-aware that a far more advanced action was underway on behalf of an overlapping putative class.  Their lack of candor with the Florida court in failing to disclose the existence of this action, coupled with Defendant's attempts to relitigate issues already addressed and resolved in this Court's Order on the motion to dismiss underscore the dangers of inconsistent rulings attendant to that duplicative action.

## II.   BURSOR & FISHER, P.A. SHOULD BE APPOINTED INTERIM CLASS COUNSEL

"In appointing [interim] class counsel, the Court considers the following factors: (a) the work counsel has done in identifying or investigating potential claims; (b) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources counsel will commit to representing the class."  *Szymczak v. Nissan N. Am., Inc.*, 2012 WL 1877306, at \*1 (S.D.N.Y. May 15, 2012) (Briccetti, J.) (citing Fed. R. Civ. P. 23(g)(1)(A)).  Each of these considerations, as detailed below, supports the appointment of Bursor & Fisher as interim class counsel.

### A.   Proposed Interim Class Counsel Has Thoroughly Identified And Investigated The Claims

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of

counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Bursor & Fisher's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class. The work Proposed Interim Class Counsel has accomplished to date is reflected in the pleadings and briefings: They have conducted significant factual and legal research into PGO's conduct and, in turn, analyzed how that conduct intersects both common law and state law statutory claims.

Regarding their factual investigation, Proposed Interim Class Counsel's knowledge of this case is informed by their prior litigation experience in a multitude of class actions involving comparable consumer fraud claims. Proposed Interim Class Counsel supplemented this knowledge base with extensive factual research into the state of PGO's current business and corporate structure, agricultural regulations and practices, and PGO's marketing materials and practices. Kopel Decl. ¶ 12. Proposed Interim Class Counsel also conducted multiple client interviews to determine whether PGO's business was, in the view of Proposed Interim Class Counsel, actionable. *See id*. Given their substantial prior experience with the facts at issue in this lawsuit and efforts to further investigate their client's claims, there are no other attorneys more qualified to lead this case.

Regarding their legal analyses, the *Mogull* FAC and the briefing in the *Mogull* Action's motion practice show that Proposed Interim Class Counsel have carefully researched, analyzed,

and advanced their client's claims.  The approach taken by Proposed Interim Class Counsel evidences their commitment to the best possible representation of their client and proposed Class and Subclass and, here, supports their application for appointment as interim class counsel.

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination."  *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*.  Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification—a matter that Proposed Interim Class Counsel addresses in almost every single case they litigate.  *See id*. (noting that interim class counsel may be necessary to "make or respond to motions before certification").  Discovery in this matter will be complicated and will require negotiations and motions prior to class certification—indeed, discovery requests have already been served in the *Mogull* Action, and the parties have already met and conferred regarding the requests, proposed search terms, and protective orders.  Kopel Decl. ¶ 12.  Proposed Interim Class Counsel's thorough investigation into the facts and claims at issue here—not to mention their extensive track record of working on cases asserting claims under identical causes of action—will enable them to more than adequately handle this discovery and any related motion practice.

### B.    Proposed Interim Class Counsel Is Experienced in Handling Class Actions And Other Complex Litigation

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."  Fed. R. Civ. P. 23(g)(1)(A)(ii).  Here, Proposed Interim Class Counsel has substantial experience handling

consumer class actions involving consumer fraud, as well as other complex litigation.[2]  The firm's attorneys have represented plaintiffs in more than 100 class action lawsuits in state and federal courts throughout the United States.  Kopel Decl. ¶ 6.  Bursor & Fisher has 22 attorneys on staff, providing it with the resources necessary to litigate this action. Kopel Decl. ¶ 13.

Bursor & Fisher has a particularly extensive and successful history within this District, including certification of New York and California classes in *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) (Briccetti, J.), a New York class in *Famular v. Whirlpool Corp.*, 2019 WL 1254882, (S.D.N.Y. Mar. 19, 2019) (Briccetti, J.), and nationwide classes in *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014) and *Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017).  This Court has already explicitly recognized the qualifications of Plaintiff's counsel in appointing them as class counsel in both *In re Scotts EZ Seed Litig.* and *Famular v. Whirlpool Corp.  See In re Scotts EZ Seed Litig.,* 304 F.R.D. at 407 ("[P]laintiffs' counsel are experienced and qualified class action lawyers.  Bursor & Fisher, P.A., 'has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.'") (quoting *Ebin*, 297 F.R.D. at 566); *see also Famular*, 2019 WL 1254882, at *4 (S.D.N.Y. Mar. 19, 2019) (same).[3]  More generally, within the past seven years, Bursor & Fisher's lawyers have been court-appointed counsel or interim class counsel in over sixty class actions.  Kopel Decl. ¶ 6.

Bursor & Fisher has also proven that it can—and will—take cases to trial if necessary, having won multi-million dollar verdicts or recoveries in six of six civil jury trials in consumer

---

[2] The background and experience of Class Counsel is set forth more fully in the firm resume of Bursor & Fisher, P.A. and the concurrently filed Declaration of Yitzchak Kopel.

[3] Bursor & Fisher has since obtained a sixth multi-million-dollar trial verdict in *McMillion v. Rash Curtis & Associates*, discussed *infra*.

class actions since 2008.  *Id.* ¶ 8.  While serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a California Consumers Legal Remedies Act claim.  *Id.*  In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.  *Id.*  More recently, in *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment.  *Id.*

Bursor & Fisher negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  Kopel Decl. ¶ 9.  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  *Id.*  Moreover, in *Hendricks v. StarKist Co.*, Bursor & Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions.  *Id.*  And on October 1, 2021, Bursor & Fisher obtained approval of a settlement in the *McMillion v. Rash Curtis* matter in the subsequent case *Perez v. Rash Curtis & Associates*, 4:16-cv-03396-YGR (N.D. Cal. Oct. 1, 2021), providing $75.6 million in relief for the class members.  The settlement is the largest class recovery in the Telephone Consumer Protection Act's 30-plus year history.  *Id*. ¶ 10, Ex. E.  In her order finding the settlement "more than adequate and fair," Judge Yvonne Gonzalez Rogers stated that "[t]his Court does not often offer praise, expecting high performance from all counsel.  Here though, experienced counsel has done an excellent job on behalf of plaintiff and the class and vigorously pursued the claim despite numerous hurdles."  *Id.*  (citation omitted).

Notably, other courts have opined on the resources and commitment of Bursor & Fisher

8

in representing clients in class action cases.  For instance, Chief Judge Morrison C. England, Jr.

of the United States District Court for the Eastern District of California appointed Bursor &

Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D.

Cal. Oct. 29, 2014), noting that the firm "has extensive experience representing plaintiffs in large

class actions, both in negotiating settlements and litigating through trial."  Kopel Decl. ¶ 14, Ex.

F.  Judge England further commented that "Bursor & Fisher is a well-established, reputable firm

that is up to handling the challenges of this litigation and is capable of committing the requisite

resources to doing so.  The Court is confident that Bursor & Fisher will fairly and adequately

represent the interests of the class."  *Id.* (citation omitted).  Similarly, in appointing Bursor &

Fisher as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 1:11-cv-4718 (PGG)

(S.D.N.Y. Nov. 14, 2011), Judge Gardephe recognized that Bursor & Fisher is a "well-

established law firm" that "ha[s] the resources and personnel necessary to carry out large-scale

class action litigation."  Kopel Decl. ¶ 15, Ex. G.  Judge Gardephe further noted that he had "no

reason to doubt that [counsel] will provide the necessary resources going forward to litigate this

case."  *Id.*

      **C.**    **Proposed Interim Class Counsel Is Very Familiar With The
Applicable Law**

      Proposed Interim Class Counsel is also knowledgeable about the law applicable to the

instant claims.  As set forth above, the attorneys of Bursor & Fisher have a long track record of

successfully litigating large-scale consumer and complex actions, have extensive experience

litigating consumer fraud cases in particular, and have already demonstrated their ability to assert

case theories under the same or similar theories and causes of action.  It is crucial that appointed

leadership have knowledge of the substantive laws at issue and experience litigating these causes

of action specifically in the class-action context, given the often-complex interplay between

substantive law and the dictates of Rule 23.  Litigating consumer class actions often entails

extensive factual discovery, retention of experts, and background knowledge in the technology

and practices involved.  Recurring issues of class certification, damages, and injunctive relief

require counsel that have already learned these lessons and achieved legal rulings that facilitate

prosecution.

Proposed Interim Class Counsel have extensive experience litigating class actions

involving consumer fraud.  Moreover, Proposed Interim Class Counsel are presently litigating

and have won substantive decisions in many statutory consumer class action cases concerning

consumer fraud.  *See generally* Kopel Decl. ¶ 6 Ex. D (firm resume).  This work has provided

Proposed Interim Class Counsel with specific experience regarding the statutes and claims at

issue here, including on the merits and how to effectively structure pre-class certification

discovery.  That experience, along with their substantial track record in this area more generally,

will allow them to skillfully litigate this case in the best interests of Plaintiff and the putative

class.

### D.    Proposed Interim Class Counsel Will Commit All Necessary Resources To Representing The Class

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will

commit to the case, also strongly supports the appointment of Bursor & Fisher.  Bursor & Fisher

is a well-established and successful law firm that has the resources and personnel necessary to

pursue a case of this magnitude, as they have demonstrated in numerous similar class actions.

Bursor & Fisher has already demonstrated the will and ability to commit the necessary resources

to assure a strong and well-supported case on behalf of members of the proposed class.  The

firm's resources are not merely financial, but also include substantial expertise and work-product

developed in other similar cases which will benefit Plaintiff and the putative class.  Bursor &

Fisher's ability to draw from this well-developed repository of information will also allow them to streamline the litigation. Bursor & Fisher has already established an internal team led by Yitzchak Kopel. Since 2014, Mr. Kopel has obtained class certification on behalf of his clients five times, three of which were certified as nationwide class actions. *Id.* (firm resume). Bursor & Fisher was appointed as class counsel to represent the certified classes in each of these cases. Through this experience, Proposed Interim Class Counsel wholly understand the significant amount of time and resources needed to effectively prosecute class actions and are ready to accept this responsibility.

The same is true with respect to this action. As interim class counsel, Bursor & Fisher will continue to commit the same resources and effort to this case as they have committed to their other successful class action litigations.

## **CONCLUSION**

In the interest of judicial economy, Plaintiff respectfully requests that Bursor & Fisher, P.A. be appointed interim class counsel.

Dated: July 22, 2022                     Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yitzchak Kopel*
          Yitzchak Kopel

Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail:  ykopel@bursor.com

*Attorney for Plaintiff*

11