```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CONSTANCE MOGULL, individually and on      :
behalf of all others similarly situated,   :
                            Plaintiff,     :    MEMORANDUM OPINION
                                           :    AND ORDER
v.                                         :
                                           :    21 CV 3521 (VB)
PETE AND GERRY'S ORGANICS, LLC,            :
                            Defendant.     :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is plaintiff's motion to appoint her counsel, Bursor & Fisher, P.A. ("Bursor & Fisher"), as interim class counsel pursuant to Rule 23(g)(3).  (Doc. #36).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

The Court presumes the parties' familiarity with the factual and procedural background of this case.

## DISCUSSION

I.   Standard of Review

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed R. Civ. P. 23(g)(3).  The Advisory Committee Notes to Rule 23(g)(2)(a) explain that the rule "authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."  The decision to appoint interim class counsel is committed to the district judge's discretion.  See Fed R. Civ. P. 23(g)(3) ("The court may designate interim counsel").

"Generally, courts will appoint interim class counsel only in the event that there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all

of those suits may be consolidated, with multiple attorneys vying for class counsel appointment." Sullivan v. Barclays PLC, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013).[1] "In such circumstances, the appointment of interim class counsel can be a valuable case-management tool that also helps safeguard the interests of the class." Id.

If the Court determines it is necessary to appoint interim class counsel, the Court must then determine whether the proposed interim counsel will fairly and adequately represent the putative class's interests. See Bitzko v. Weltman, Weinberg, & Reis Co., LPA, 2018 WL 10593815, at *1 (N.D.N.Y. May 18, 2018). To do so, "courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." Buonasera v. Honest Co., 318 F.R.D. 17, 18 (S.D.N.Y. 2016). Accordingly, courts consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Id.

II.    Application

The Court finds appointing interim class counsel is necessary at this time and plaintiff's counsel will fairly and adequately represent the putative class.

   A.   Necessity of Interim Class Counsel

Defendant "neither supports nor opposes the motion." (Doc. #40 ("Def. Mem.") at 1). However, defendant contends appointing interim class counsel at this time is premature.

The Court disagrees.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Plaintiff has identified a substantially similar class action filed outside this District, in which the plaintiff is represented by different counsel. See Dean v. Pete & Gerry's Organics, LLC, No. 22-cv-806 (CEM) (M.D. Fla. filed Apr. 27, 2022) (dismissed and re-filed on August 2, 2022, No. 22-cv-1361 (WWB) (M.D. Fla.)) (the "Dean Action").[2] The Dean Action is not related to this case; however, the Dean Action complaint alleges duplicative facts and raises substantially similar claims on behalf of a putative class of Florida purchasers. (See Dean Action Doc. #1). Thus, this action, which purports to represent a nationwide class, overlaps with the Dean Action.

The Dean Action is at the pleading stage. In this action, the plaintiff has already amended her complaint and survived a motion to dismiss, discovery has commenced, and the parties "have met and conferred multiple times regarding both discovery matters and settlement." (Doc. #37 ("Pl. Mem.")  at 2). Thus, "[g]iven the significant work that has already been done in this case and the pendency of a potentially overlapping action, granting this Motion will provide the parties and their counsel with needed certainty regarding further litigation of this matter" and is necessary to protect the interests of the putative class. Bitzko v. Weltman, Weinberg, & Reis Co., LPA, 2018 WL 10593815, at *1.

Moreover, as defendant acknowledges, "consolidated class counsel would facilitate discovery, negotiation, and other interactions with the class," which benefits the putative class as well as defendant. (Def. Mem. at 1).

Accordingly, the Court will appoint interim class counsel in this action.

---

[2] Indeed, a prior action filed in this District alleged similar claims against defendant. See Lugones v. Pete & Gerry's Organics, LLC, 440 F. Supp. 3d 226 (S.D.N.Y. 2020). That action was ultimately dismissed.

B.    Adequacy of Proposed Interim Class Counsel

The Court finds Bursor & Fisher will fairly and adequately represent the interests of the putative class as interim class counsel.

Bursor & Fisher has conducted "extensive factual research into the state of [defendant's] current business and corporate structure, agricultural regulations and practices, and [defendant's] marketing materials and practices," and has also successfully defended the proposed class against defendant's motion to dismiss.  (Pl. Mem. at 5).

In addition to the work Bursor & Fisher has performed in this case, the firm has represented other plaintiffs in more than one hundred class action lawsuits, including several consumer class actions that proceeded to jury trials in which Bursor & Fisher achieved favorable results for the plaintiffs.  Thus, Bursor & Fisher has experience in class actions as well as knowledge of the applicable law in this case.

Moreover, Bursor & Fisher has twenty-two attorneys and additional support staff, and therefore has sufficient resources and personnel to represent the proposed class.

Accordingly, the Court finds Bursor & Fisher satisfies the factors under Rule 23(g)(1)(A) and appoints Bursor & Fisher as interim class counsel.

## CONCLUSION

The motion to appoint Bursor & Fisher, P.A., as interim class counsel is GRANTED.

The Clerk is instructed to terminate the motion.  (Doc. #36).

Dated: September 30, 2022
       White Plains, NY                    SO ORDERED:

                                           _____
                                           Vincent L. Briccetti
                                           United States District Judge